UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> EDWIN MANUEL MEJIA MEJIA, <br>     aka "Julio," and <br> VICTOR MANUEL MEJIA GUZMAN, <br>     aka Wascar Antonio Mejia-Romero, <br><br>     Defendants. | No. 25-cr-43-PB-AJ-01/02 <br><br><br> Count 1: Conspiracy to Distribute Controlled Substances <br>     (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) & 846) <br><br> Count 2: Unlawful Reentry of Deported Alien <br>     (8 U.S.C. § 1326(a)) |

## INDICTMENT

The Grand Jury charges:

## Count One

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) & 846 – Conspiracy to Distribute a Controlled Substance]

Beginning on a date no later than November 20, 2023, and continuing to on or about May 7, 2025, in the District of New Hampshire and elsewhere, the defendants,

EDWIN MANUEL MEJIA MEJIA, aka "Julio,"
and
VICTOR MANUEL MEJIA GUZMAN, aka Wascar Antonio Mejia-Romero

knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to distribute a controlled substance, specifically, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

**Count Two**

[8 U.S.C. § 1326(a) – Unlawful Reentry of Deported Alien]

On or about March 26, 2025, in the District of New Hampshire, the defendant,

 VICTOR MANUEL MEJIA GUZMAN, aka Wascar Antonio Mejia-Romero,

being an alien and having been excluded, removed, and deported from the United States on

November 19, 2007, was found in the United States without having received the express

consent of the Secretary of the Department of Homeland Security to reapply for admission to

the United States.

All in violation of Title 8, United States Code, Section 1326(a).

NOTICE OF FORFEITURE

Upon conviction of the offense alleged in Count One of this Indictment, the defendants

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or

derived from, any proceeds obtained, directly or indirectly, as a result of the charged offense and

any property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of the charged offense.

If any of the property described above, as a result of any act or omission of the

defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or

sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or (e) has been commingled with other property

which cannot be divided without difficulty, the United States of America shall be entitled to

forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

Dated: May 7, 2025                                A TRUE BILL


                                                 /s/ Foreperson
                                                 Foreperson of the Grand Jury

JOHN J. MCCORMACK
Acting United States Attorney
District of New Hampshire


By:  /s/ Aaron G. Gingrande
     Aaron G. Gingrande
     Assistant United States Attorney